IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RONNIE WAYNE DANIELS,

    Plaintiff,

v.                                          CASE NO. 1:10-cv-222-MP-GRJ

EDWIN G. BUSS,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

    Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections ("FDOC"), initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983 and a Motion To Proceed *In Forma Pauperis* on November 12, 2010. (Docs. 1 & 2.) The Court entered an order on November 17, 2010 granting Plaintiff's Motion To Proceed *In Forma Pauperis* and giving Plaintiff the opportunity to amend his Complaint. (Doc. 4.) Plaintiff filed a First Amended Complaint on December 7, 2010 (Doc. 7), a Second Amended Complaint on March 3, 2011 (Doc. 11) and a Third Amended Complaint on March 4, 2011. (Doc. 12.) Plaintiff's Third Amended Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A.

    On May 16, 2011, the Court directed Plaintiff to show cause as to why this case should not be dismissed for abuse of the judicial process. Doc. 13. As set forth in detail in that Order, the Court determined that Plaintiff failed to truthfully disclose his prior case filing history in the Third Amended Complaint, which he executed under penalty of perjury. Specifically, Plaintiff failed to disclose *Daniels v. Sapp*, Case No. 3:97-cv-91-JMH (E.D. Ky. July 13, 1998), a case in which Plaintiff claimed that the Commissioner of

the Kentucky Department of Corrections violated his constitutional rights by refusing to provide him with Kentucky legal materials and refusing him access to persons trained in Kentucky law.  Final summary judgment was entered against Plaintiff and in favor of the defendant Commissioner.  Plaintiff also failed to list another case that he filed in the Eastern District of Kentucky that was dismissed *sua sponte* prior to service.  See *Daniels v. Sapp*, Case No. 3:99-cv-83-JMH (E.D. Ky. Nov. 17, 1999).

Plaintiff's response to the show cause order asserts that his lack of candor should be excused because his legal papers were destroyed in a shakedown at Calhoun C.I. in 2000, he has filed suit in state courts in which his prior filing history was not a factor, and the omitted cases "faded from Plaintiff's memory."  Plaintiff states that he has filed other federal cases in which he did not disclose the omitted cases, with no adverse consequences.

The Court is not persuaded that Plaintiff's lack of candor should be excused in this case.  Plaintiff did not represent that he was unable to fully respond to the questions on the complaint form concerning prior cases.  He untruthfully represented that there were no additional prior cases.  The docket from Plaintiff's undisclosed 1999 case reflects that Plaintiff was assessed the civil filing fee prior to dismissal, and that following the dismissal he unsuccessfully moved to withdraw the case.  In the Court's view, it is unlikely that an indigent prisoner who has been assessed a filing fee in a federal case would fail to recollect that the case had been filed.  In the same vein, Plaintiff was assessed the filing fee in his 1997 case, and the case was litigated through summary judgment, which Plaintiff opposed.   It strains credulity to suggest that the existence of this case completely escaped Plaintiff's memory.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

caseload and merits the sanction of dismissal.  See *Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").  In this instance, Plaintiff completely failed to disclose two cases in Sections IV C and  IV D on the Court's Complaint form that clearly should have been disclosed.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED**:

1.  This cause should be **DISMISSED WITHOUT PREJUDICE** for abuse of the judicial process.

2.  The dismissal of this case should count as a strike pursuant to 28 U.S.C § 1915(g).

**IN CHAMBERS** this 30th day of September 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 1:10-cv-222-MP-GRJ*